**Edward W. McALLISTER, Appellant,**

v.

**STATE OF NEW JERSEY, Chief Justice Joseph Weintraub.**

**No. 17035.**

United States Court of Appeals Third Circuit.

Argued June 3, 1968.

Decided June 26, 1968.

Rehearing Denied Aug. 5, 1968.

Edward W. McAllister, pro se.

E. Robert Levy, Deputy Atty. Gen., Dept. of Law and Public Safety, Trenton, N. J. (Arthur J. Sills, Atty. Gen. of New Jersey, Trenton, N. J., on the brief), for appellees.

## OPINION OF THE COURT

Before HASTIE, Chief Judge, and STALEY and SEITZ, Circuit Judges.

### PER CURIAM.

Plaintiff filed a civil action in the United States District Court and named as defendants the State of New Jersey and Chief Justice Joseph Weintraub. The district court granted the defendants' motion to dismiss the complaint and plaintiff appeals.

This court and the district court are, of course, bound by the decisions of the United States Supreme Court and the Acts of Congress. With this in mind, we turn first to the claim against the State of New Jersey. The United States Supreme Court "has recognized that an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Parden v. Terminal Ry. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). There is no suggestion here that the State of New Jersey has consented to be sued in the federal court in this action. Consequently, it was immune from suit here in the district court and that court properly so held.

Plaintiff also sued Chief Justice Joseph Weintraub of the Supreme Court of New Jersey. Plaintiff bases his right to sue, in part, on the Civil Rights Act (42 U.S.C.A. § 1983). The United States Supreme Court has held that the common law immunity of a state judge from liability for judicial acts was not abolished by such Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The same immunity, in our view, applies to actions asserted under 28 U.S.C.A. § 1331 (Federal question). Thus, so far as appears, Joseph Weintraub as Chief Justice, was immune from suit here as the district court correctly decided.

Plaintiff says that he is suing Joseph Weintraub as an "individual" and thus the judicial immunity cases are not in point. The only possible basis for such jurisdiction would be found in the so-called diversity statute, 28 U.S.C.A. § 1332. But that statute requires, inter alia, that the controversy be between "citizens of different States." Here, so far as appears, both plaintiff and Joseph Weintraub are citizens of New Jersey. Thus, the district court had no diversity jurisdiction.

■ Nor do we find any basis here for the plaintiff's contention that he was entitled to have this case heard by a three judge federal district court under 28 U.S.C.A. § 2284. There is no suggestion that any Act of Congress gives him such a right under the circumstances of this case.

We therefore conclude that the district court was required to and properly dismissed the complaint.

The judgment of the district court will be affirmed.